**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN NIEHLS, individually and as a parent and natural guardian of J.N., A.N. and M.N., minors; COVENTRY CHRISTIAN SCHOOLS, ANDREW AND KATE AMRHEIN, individually and as natural guardians of A.W. and T.W., minors, ELIZABETH WEIR, individually and as a parent,**<br>        Plaintiffs,<br><br>        **v.**<br><br>**MONTGOMERY COUNTY OFFICE OF PUBLIC HEALTH AND MONTGOMERY COUNTY BOARD OF HEALTH**<br>        Defendants/Respondents. | **No. 2:20-cv-05855** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

BROWN MCGARRY NIMEROFF LLC
Mary Kay Brown, Esquire
Raymond McGarry, Esquire
Jami B. Nimeroff, Esquire
2 Penn Center, Suite 610
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
T:  (267) 861-5330

*Attorneys for Defendants Montgomery County Office of Public Health and Montgomery County Board of Health*

Dated:  December 21, 2020

# TABLE OF CONTENTS

I.     FACTUAL AND PROCEDURAL BACKGROUND ................................................... 1

II.    ARGUMENT ................................................................................................. 3

  A.   The Entire Action is Moot ........................................................................ 3

    1.   Plaintiffs' claim for injunctive relief ................................................ 4

    2.   Plaintiffs' claim for a declaratory judgment ................................... 5

    3.   The "capable of repetition but evading review" exception does not apply ... 9

    4.   Prudential mootness ..................................................................... 11

  B.   The Original Plaintiffs Lack Standing ................................................... 12

  C.   The Amended Complaint Fails to State a Viable Constitutional Claim ..................... 16

    1.   Standard on a Fed. R. Civ. P. 12(b)(6) Motion .............................. 16

    2.   The Amended Complaint Fails to State a Claim for Violation of Plaintiffs' Due Process Rights ........................................................... 17

      a.   Procedural Due Process ....................................................... 17

        i.   Plaintiffs Have No Viable Procedural Due Process Claim for a Legislative Act ........................................................... 18

        ii.  Plaintiffs' Procedural Due Process Claim is Barred by Collateral Estoppel.. 18

        iii.  Plaintiffs' Procedural Due Process Claim Fails as a Matter of Law .............. 20

      b.   Substantive Due Process ...................................................... 21

    3.   The Amended Complaint Fails to State a Claim for Violation of Plaintiffs' Equal Protection Rights ........................................................ 22

      a.   Plaintiffs Fail to Allege how they have been treated differently than others similarly situated ........................................................ 23

      b.   On its face, the Order is rationally-based ............................ 24

III.   CONCLUSION .......................................................................................... 25

# TABLE OF AUTHORITIES

## Cases

*Abdul–Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993) ................................................... 6, 9

*Ali v. Cangemi,* 419 F.3d 722 (8th Cir. 2005) (en banc).............................................. 3

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)........................................................... 5

*Alvarez v. Smith*, 558 U.S. 87 (2009)...................................................................... 4, 5

*Ammon v. McCloskey*, 655 A.2d 549, 554 (Pa. Super. Ct. 1995) ................................ 19

*Armstrong World Indus., Inc. by Wolfson v. Adams,* 961 F.2d 405 (3d Cir. 1992)........................ 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .............................. 17

*Ashcroft v. Mattis,* 431 U.S. 171 (1977) (per curiam) ................................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)................................................. 17

*Berg v. Obama*, 586 F.3d 234 (3d Cir. 2009) ............................................................ 14

*Bi–Metallic Inv. Co. v. State Bd. of Equalization of Colo.,* 239 U.S. 441 (1915) ........................ 18

*Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690 (3d Cir. 1996).............................. 12

*Bldg. & Constr. Dep't v. Rockwell Int'l Corp.,* 7 F.3d 1487 (10th Cir. 1993) ................... 12

*Bognet v. Secretary Commonwealth of Pennsylvania*, 2020 WL 6686120
    (3d Cir. Nov. 13, 2020) ...................................................................................... 13

*Borrell v. Bloomsburg Univ.*, 955 F.Supp.2d 390 (M.D.Pa. 2013) .............................. 24

*Bowers v. NCAA*, 475 F.3d 524 (3d Cir. 2007)........................................................... 20

*Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396 (3d Cir. 2000) ................... 22

*Chan v. Cnty. of Lancaster*, No. 10–3424, 2011 WL 4478283 (E.D. Pa. Sept. 26, 2011) ........... 24

*Ciarrocchi v. Clearview Reg'l High Sch. Dist.*, 2010 WL 2629050 (D.N.J. June 25, 2010) ........ 14

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ...................................................... 10

*Cty. of Morris v. Nationalist Movement*, 273 F.3d 527 (3d Cir. 2001)........................... 7, 8

*Danville Christian Academy, Inc., v. Andy Beshear, Governor of Kentucky*,
    592 U.S. ___ (Dec. 17, 2020) ........................................................................ 3, 8, 9

*Delbridge v. Whitaker*, 2010 WL 1904456 (D.N.J. May 10, 2010) .............................. 14

*Eichenlaub v. Twp. of Indiana*, 385 F.3d 274 (3d Cir. 2004) ..................................... 24

*Espinosa v. Mont. Dep't. of Revenue*, 140 S. Ct. 2246 (2020) .................................... 15

*Evans v. Rozum*, No. CIV.A. 07-2301, 2009 WL 5064490 (W.D. Pa. Dec. 17, 2009) ................. 9

*F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307 (1993) ...................................... 25

*Fiedler v. Stroudsburg Area School District*, 427 F.Supp.3d 539 (M.D.Pa 2019)................... 22

*Finkelman v. Nat'l Football League*, 810 F.3d 187 (3d Cir. 2016)................................. 13

*Fletcher v. United States,* 116 F.3d 1315 (10th Cir. 1997)........................................ 11

*Garland v. Knorr*, 2020 WL 3034811 (E.D. Pa. June 5, 2020)..................................... 19

*Hannah v. City of Dover*, 152 F. App'x 114 (3d Cir. 2005)........................................ 14

*Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461 (3d Cir. 1997)............. 20

*Heckler v. Mathews*, 465 U.S. 728 (1984)................................................................. 13

*Highway Materials, Inc. v. Whitemarsh Twp.*, 386 Fed.Appx. 251 (3d Cir. 2010).................. 24

*Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) ................................... 17, 23

*Howard v. Chester Cty. Office of Juvenile Prob. & Parole*, 365 F.Supp.3d 562
    (E.D. Pa. 2019)................................................................................................. 14

*In re Weidner*, 476 B.R. 873 (E.D. Pa. 2012)........................................................... 19

*Incumaa v. Ozmint,* 507 F.3d 281, 289 (4th Cir. 2007) ........................................... 9

*Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912 (3d Cir. 1987).............................. 3, 12

*Jersey Cent. Power & Light Co. v. New Jersey,* 772 F.2d 35 (3d Cir. 1985) ........................... 5, 12

*Kirby v. Loyalsock Tp. School Dist.*, 837 F.Supp.2d 467 (M.D.Pa. 2011) .................................. 22

*Knight v. Tape, Inc.,* 935 F.2d 617 (3d Cir. 1991) ...................................................................... 22

*Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356 (1973)................................................ 25

*Libertarian Party v. Dardenne,* 595 F.3d 215 (5th Cir.) .............................................................. 9

*Los Angeles Cty. v. Davis,* 440 U.S. 625 (1979)............................................................................ 4

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992) .................................................................. 14

*Lujan v. Sherwin-Williams Co. v. Cty. of Delaware, Pennsylvania*, 968 F.3d 264
    (3d Cir. 2020)........................................................................................................................... 14

*Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270 (1941).......................................................... 6

*Motor Vehicle Manufacturers Association v. State Farm Mutual Insurance Co.*,
    463 U.S. 29 (1983) .................................................................................................................. 21

*Murphy v. Hunt*, 455 U.S. 478 (1982) (per curiam) .................................................................... 10

*Musser v. C. Wayne Co., L.P.*, 2016 WL 3080001 (Pa. Super. Ct. May 31, 2016)..................... 18

*National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994).............................. 13

*New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25 (3d Cir. 1985) ..................... 5

*Newark Cab Assoc. v. City of Newark*, 901 F.3d 146 (3d Cir. 2018) ......................................... 25

*Nicholas v. Pa. State Univ.,* 227 F.3d 133 (3d Cir. 2000) ..................................................... 21, 22

*Nikolao v. Lyon,* 875 F.3d 310 (6th Cir. 2017)............................................................................ 14

*Nordlinger v. Hahn*, 505 U.S. 1 (1992) ................................................................................. 23, 24

*North Carolina v. Rice,* 404 U.S. 244 (1971) (per curiam) ......................................................... 6

*O'Leary v. Wisecup*, 364 A.2d 770 (Pa. Cmwlth. Ct. 1976) ...................................................... 18

*O'Shea v. Littleton*, 414 U.S. 488 (1974)...................................................................................... 4

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3d Cir. 1993) ................. 1

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)...................................................... 17

*Planned Parenthood of S.E. Pa. v. Casey,* 505 U.S. 833 (1992)................................................ 21

*Plyler v. Doe,* 457 U.S. 202, 221 (1982)..................................................................................... 20

*Powell v. McCormack*, 395 U.S. 486 (1974) ................................................................................. 3

*Preiser v. Newkirk,* 422 U.S. 395 (1975)...................................................................................... 6

*Rendell v. Rumsfeld,* 484 F.3d 236 (3d Cir. 2007)........................................................................ 3

*Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096 (10th Cir. 2010) 3, 4, 5, 11

*Rogin v. Bensalem Township,* 616 F.2d 680 (3d Cir. 1980) ....................................................... 18

*Ruiz v. New Garden Twp.*, 376 F.3d 203 (3d Cir. 2004) ............................................................ 18

*Salvation Army v. Dep't of Community Affairs,* 919 F.2d 183 (3d Cir. 1990) ............................. 6

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973) ............................................... 20

*Sec. Nat'l Ins. Co. v. Amchin*, No. CV 15-750, 2016 WL 1392258 (E.D. Pa. Apr. 7, 2016) ..... 6, 9

*See CMR D.N. Corp. v. City of Philadelphia,* 703 F.3d 612 (3d Cir .2013)................................. 6

*Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)........................... 13

*Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008)..................................................... 24

*Stern v. Halligan,* 158 F.3d 729 (3d Cir. 1998)......................................................................... 22

*Tillman v. Lebanon County Corr. Facility,* 221 F.3d 410 (3d Cir. 2000)................................... 25

*United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980)........................................ 5

*United States v. Juvenile Male,* 564 U.S. 932 (2011) ................................................................... 4

*United States v. Walker*, 473 F.3d 71 (3d Cir. 2007).................................................................. 25

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) ....................................................... 23, 24

*Warth v. Seldin*, 422 U.S. 490 (1975)......................................................................................... 14

*Weinstein v. Bradford*, 423 U.S. 147 (1975) ................................................................ 6

**Statutes**

28 U.S.C. § 2201(a) ........................................................................................... 5

**Other Authorities**

13C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*
   § 3533.3.1 (3d ed. 2008) ................................................................................ 4

*Moore's Federal Practice* § 101.90 (3d ed. 2010) ............................................. 4

U.S. Const. amend. XIV ................................................................................... 22

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................... 1

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 16

Fed. R. Civ. P. 17(a)(1) ................................................................................. 16

Defendants Montgomery County Office of Public Health ("OPH") and Montgomery County Board of Health (the "Board" and collectively, the "Defendants"), file this Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure (12)(b)(1) and 12(b)(6), and in support thereof, state as follows.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2020, the Board authorized OPH to issue an Order requiring schools in Montgomery County to support all-virtual learning for a limited, two-week period.  OPH subsequently issued an Order entitled "Montgomery County School COVID-19 Risk Reduction and Mitigation Order" (the "Order").[1]  It provides in pertinent part:

> Montgomery County is currently experiencing a substantial surge of COVID 19 cases across the County with an associated rapid increase in hospitalizations related to COVID-19.  The majority of spread is associated with private social gatherings and recreational sports.

> Based on experience from prior holidays during the COVID-19 pandemic, it is anticipated that the traditional celebrations associated with the Thanksgiving Holiday coupled with the high incidence of COVID-19 in Montgomery County have the potential to dramatically increase the spread of COVID-19 across this community.

> The implementation of virtual schools during the period of peak contagion is designed to reduce the spread of COVID-19 and is essential to ensure the protection of children, teachers, school staff, and others who are impacted, as well as those in the general community. (Ex. A, Order, ¶¶ 4-6).

Accordingly, to ensure the health and safety of residents, school personnel, school children, their families, and the populace of the County from further spread of COVID-19, OPH Ordered:

> All schools, both public and private in Montgomery County are required to support virtual education only, for the period of November 23 through December 6, 2020. This requirement includes virtual education only for special education and canceling of school sanctioned extra-curricular activities. (Ex. A, Order)

---

[1]      The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  A true and correct copy of the Order is attached hereto as Exhibit "A."

On November 20, 2020, John Mark Niehls, Andrew and Kate Amrhein and Elizabeth Weir ("Original Plaintiffs") commenced this action alleging a violation of their constitutional rights of freedom of religious exercise, due process, and equal protection.  The Complaint sought a court order immediately: (a) enjoining and prohibiting Defendants from implementing the Order and (b) declaring that the Order violates the United States Constitution; or alternatively, (c) the issuance of a TRO and preliminary injunction pending final resolution of the claims; and (d) the award of all legal costs.

On November 23, 2020, the Original Plaintiffs filed a Motion for Injunctive Relief and Temporary Restraining Order (the "TRO Motion").  The Court entered an Order denying the TRO Motion (the "Injunction Order") and an Amended Complaint was filed.  While Original Plaintiffs still bring the suit in their individual capacities, they now sue as guardians as follows: John Mark Niehls, individually and as parent and natural guardian of J.N., A.N. and M.N., minors; Andrew and Kate Amrhein, individually and as parents and natural guardians of A.W. and T.W., minors, and Elizabeth Weir, individually and as a parent.  Also named in the Amended Complaint is new plaintiff Coventry Christian Schools ("the School" and collectively, the "Plaintiffs").  The claims plead and relief sought mimics that set forth in the original Complaint.

OPH's all-virtual school Order has expired by its terms.  Defendants have not recommended nor implemented any extension or reinstitution of the Order.

Defendants now move to dismiss the Amended Complaint in its entirety due to lack of subject matter jurisdiction, specifically mootness and lack of standing.  Defendants further move for dismissal of Counts II and III for failure to state a claim upon which relief can be granted.

## II.   ARGUMENT

### A.   The Entire Action is Moot

Just five days ago, the United States Supreme Court refused to intervene to lift a stay of a preliminary injunction granted by the trial court in a case involving the Governor of Kentucky's facially neutral order temporarily closing all K-12 schools for in-person instruction until the beginning of the Christmas holiday break.  *Danville Christian Academy, Inc., v. Andy Beshear, Governor of Kentucky*, 592 U.S. ___ (Dec. 17, 2020).  Based upon the timing and impending expiration of the Governor's order, the Supreme Court noted in refusing to lift the stay that the parties could come back to raise the issues if new restrictions were put in place down the road. Given that the Order in this case has expired, was enacted due to the unique facts surrounding the Thanksgiving holiday and has not been extended even as the Christmas holiday approaches; this Court should conclude that the issues are moot as set forth below and, as the *Danville* Court held, that Plaintiffs can come back to raise the issues if new restrictions are ever put in place.  Given the ever-shifting playing field of virus and vaccine, that circumstance could easily never arise.

There exist two categories of mootness:  Article III mootness and prudential mootness. *Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096, 1121 (10th Cir. 2010); *Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005) (en banc); *see also Int'l Bhd. of Boilermakers v. Kelly,* 815 F.2d 912, 915 (3d Cir. 1987).  Federal court jurisdiction is limited by Article III of the Constitution, which ties judicial authority to the existence of a "case or controversy."  *Rendell v. Rumsfeld,* 484 F.3d 236, 240 (3d Cir. 2007).  If a case becomes moot in the Article III sense, this Court does not have jurisdiction to consider it.  *Rendell*, 484 F.3d at 241; *see also Powell v. McCormack*, 395 U.S. 486, 496 n. 7 (1974).

Constitutional mootness requires that "any case or dispute that is presented to a federal court be definite, concrete, and amenable to specific relief."  15 James W. Moore & Martin H.

Redish, *Moore's Federal Practice* § 101.90, at 101–237 (3d ed. 2010).  Consequently, the constitutional mootness doctrine focuses upon whether "a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action."  *Id.*; *see also United States v. Juvenile Male,* 564 U.S. 932, 936 (2011) (per curiam) ("It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'")

"Mootness is found when events outside the litigation make relief impossible .... Events may supersede the occasion for relief, particularly when the requested relief is limited."  13C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533.3.1, at 56, 59–60 (3d ed. 2008) (hereinafter "Wright & Miller").  A case is moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979).  In making this determination, this Court should consider whether granting a *present* determination of the issues will have some effect in the real world, and whether plaintiff's legal rights are still in controversy.  *See Rio Grande*, 601 F.3d at 1109-10; *Alvarez v. Smith*, 558 U.S. 87, 93 (2009).

## 1.    *Plaintiffs' claim for injunctive relief*

"Mootness decisions are concerned in large part with the determination whether any effective purpose can still be served by a *specific remedy*."  Wright & Miller § 3533.1, at 730 (3d ed. 2008) (emphasis added).  Where a plaintiff seeks injunctive relief, his exposure to *continuing* injury is of particular importance.  As noted by the Supreme Court in *O'Shea v. Littleton*, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

4

Here, Plaintiffs seek an injunction prohibiting Defendants from implementing the Order, or alternatively, a TRO or injunction pending final resolution of Plaintiffs' claims.  Clearly, the Court cannot enjoin the implementation of an Order that expired weeks ago.  Indeed, the Court twice considered and rejected Plaintiffs' TRO Motion seeking this exact relief.  Since there is no serious argument that the expired Order – that was based solely on the time period surrounding the Thanksgiving 2020 holiday – can give rise to a continuing or reasonably susceptible future injury to Plaintiffs, their claims for injunctive relief are constitutionally moot.

## 2.   *Plaintiffs' claim for a declaratory judgment*

The Declaratory Judgment Act also limits relief to situations where there is a "case of actual controversy" between the parties.  28 U.S.C. § 2201(a).  For a declaratory judgment action to be justiciable, "an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages of the litigation.'"  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (*quoting Alvarez*, 558 U.S. at 92).  A case is no longer a case or controversy, when: (1) the issues presented are no longer "live" or (2) the parties lack a cognizable interest in the outcome.  *New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985) (*quoting United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980)).  Critical to this determination is "whether granting a *present* determination of the issues offered will have some effect in the real world."  *Rio Grande*, 601 F.3d at 1109-10.  While the parties may continue to dispute the lawfulness of the action giving rise to the lawsuit, the case is moot if "that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights."  *Alvarez v. Smith*, 558 U.S. at 93.

"Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit."  *Rio Grande,* 601 F.3d at 1109.  In the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was

wrongly harmed by the defendant. *See Ashcroft v. Mattis,* 431 U.S. 171, 172 (1977) (per curiam) (claim for declaratory relief moot where appellee's "primary claim of a present interest in the controversy is that he will obtain emotional satisfaction from a ruling that his son's death was wrongful"). *See CMR D.N. Corp. v. City of Philadelphia,* 703 F.3d 612, 628 (3d Cir .2013) (a declaratory judgment is "prospective in nature").

What makes a declaratory judgment a proper exercise of judicial power is the settling of a dispute that affects the behavior of the defendant toward the plaintiff. *See Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" (quoting *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (per curiam))); *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941) (asking whether "there is a substantial controversy, between parties having *adverse legal interests,* of *sufficient immediacy* and reality to warrant the issuance of a declaratory judgment.") (emphasis added). The critical question is "whether granting a *present* determination of the issues offered will have some effect in the real world." *Sec. Nat'l Ins. Co. v. Amchin*, No. CV 15-750, 2016 WL 1392258, at *3 (E.D. Pa. Apr. 7, 2016).

Accordingly, a court can grant declaratory relief only if there is a "reasonable likelihood" that the harm is going to occur again. *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). If the possibility of future harm is remote or speculative at best, declaratory judgment relief should not be granted. *See Armstrong World Indus., Inc. by Wolfson v. Adams,* 961 F.2d 405, 412 (3d Cir. 1992) (*quoting Salvation Army v. Dep't of Community Affairs,* 919 F.2d 183, 192 (3d Cir. 1990) ("[P]laintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").

Declaratory judgments are intended to be prospective and to address present disputes between litigants.  Here, the relief sought by Plaintiffs is purely retrospective; any decision by this Court would at most constitute an advisory opinion as to the propriety of Defendants' past conduct.  Granting the declaratory relief sought would have no impact upon the rights of the litigants before the Court.  As plead, the prospect of Plaintiffs being subjected to any future harm is remote and purely speculative at this time.  The Order coincided with the Thanksgiving holiday and the concerns over how returning college students and family gatherings over the Thanksgiving holiday would impact the spread of COVID-19 in the community and the schools.  That context was expressly noted in the Order itself.  (Ex. "A," Order).

This Court should decline to opine on important constitutional issues based upon speculation that Plaintiffs might be subjected at some future date to the same restrictions as presented in the Order, *i.e.*, a further brief pause in inschool learning over the Thanksgiving holiday in 2021.  Based on the expiration of the limited Order surrounding the Thanksgiving holiday, Plaintiffs cannot demonstrate the existence of a live controversy with Defendants that would justify declaratory judgment relief.

A similar situation occurred in *Cty. of Morris v. Nationalist Movement* where a declaratory judgment action was brought to resolve constitutional questions regarding an imminent July 4 parade.  273 F.3d 527, 534 (3d Cir. 2001).  The district court held an expedited hearing and issued a decision "to guide the parties' conduct during that event."  *Id.*  Thereafter, the Third Circuit Court of Appeals dismissed the appeal as moot given that the parade was over and any dispute that could arise in connection with future July 4 activities could be resolved through a new lawsuit and the development of a new record based on the changed circumstances.  *Id.*  The Third Circuit stated:

The instant declaratory judgment action was instituted in order to resolve specific questions regarding what was then an upcoming parade and rally scheduled for July 4, 2000.... With respect to any dispute that might arise in connection with future Independence Day activities, the parties, if unable to resolve their differences, would have ample opportunity to bring a new lawsuit and to develop a record reflective of the particular circumstances attendant on that dispute. *Id.* at 533–34.

Similarly here, Plaintiffs filed a declaratory judgment action seeking a TRO and injunction to prevent the implementation of the Order that was limited in scope and time to just over the Thanksgiving holiday. That request was twice denied by this Court; the Order was implemented and expired within two weeks by its own terms. As to the likelihood of future harm, this Court noted that there was no evidence of record that the Order would be extended (and ultimately it was not) and any future action by Defendants could be different and based on entirely new facts and circumstances. Further, the Court noted that Plaintiffs were entitled to request appropriate relief as to any such future orders. (Order, Docket No. 40). Based on the *Morris* analysis, Plaintiffs' request for a declaratory judgment that the expired Orders violated the Constitution cannot provide effective relief to the parties here and is, as such, moot.

The Supreme Court recently buttressed this conclusion in its *Danville* decision. In that case, the Governor of Kentucky temporarily closing K-12 schools for in-person instruction until the beginning of the Christmas holiday break. A religious private school and the Attorney General of Kentucky sought a preliminary injunction to prevent the application of the closure order to religious schools on the grounds that it violated the school's First Amendment rights, which injunction was granted by the District Court but stayed by the Sixth Circuit pending appeal. *Id*. The Kentucky order applied equally to religious and secular schools, but, as here, the applicants complained that the order treated schools worse than restaurants, bars, and other business, which remained open. The Supreme Court majority, through an unsigned order (with two dissents), denied the application to lift the stay. The majority stated that, "[u]nder all of the

8

circumstances, especially the timing and the impending expiration of the Order, we deny the

application without prejudice to the applicants or other parties seeking a new preliminary

injunction if the Governor issues a school-closing order that applies in the new year." *Danville,*

592 U.S. ___.  While the Supreme Court noted that parties could come back to raise the issues if

new restrictions were put in place, the Court explicitly approved of a careful approach exactly like

the one taken by this Court in its Injunction Order.  Since there is no relief sought in the Amended

Complaint that will affect the present rights of any of the parties, the Court should refuse to

intervene further unless and until Plaintiffs can demonstrate an entitlement to prospective relief.

### 3. *The "capable of repetition but evading review" exception does not apply*

Plaintiffs may argue that their claims are not moot because of the "capable of repetition

yet evading review" exception to the mootness doctrine.  This narrow exception applies only in

exceptional circumstances "where the following two circumstances [are] simultaneously present:

(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or

expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be

subject to the same action again." *See Amchin*, No. CV 15-750, 2016 WL 1392258, at *4 n 2.

(E.D. Pa. Apr. 7, 2016) (*quoting Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)) (internal

citations and quotation marks omitted) (brackets in original).  *See also Abdul–Akbar,* 4 F.3d at

207 ("[C]onjecture as to the likelihood of repetition has no place in the application of this

exceptional and narrow grant of judicial power.").

Plaintiffs bear the burden of establishing *both* elements of this two-prong test.  *See Evans*

*v. Rozum*, No. CIV.A. 07-2301, 2009 WL 5064490, at *11 n. 8 (W.D. Pa. Dec. 17, 2009) (*citing*

*Incumaa v. Ozmint,* 507 F.3d 281, 289 (4th Cir. 2007)); *see also Libertarian Party v. Dardenne,*

595 F.3d 215, 217 (5th Cir.) ("[P]laintiffs[ ] bear the burden of proving both prongs."), *cert.*

*denied,* 560 U.S. 953, 130 S.Ct. 3388, 177 L.Ed.2d 303 (2010).

With respect to the first prong, it is reasonable to conclude that the two-week duration of the Order was too short to litigate its constitutionality to conclusion.  Plaintiffs' argument, however, fails at the second prong which requires a "'reasonable expectation'" or a "'demonstrated probability'" that "the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam).  The same controversy is sufficiently likely to recur when a party has a reasonable expectation that it "will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

Plaintiffs have argued that they reasonably expect Defendants to issue new orders impacting in-person school, particularly leading up to the impending Christmas holiday break.  When seeking expedited discovery, Plaintiffs alleged that in a December 4, 2020 Zoom meeting between County representatives and leaders of private schools, "Defendants noted that they reserved the right to implement such a blanket school-closure order again during the Christmas/New Year's Eve holidays. … This is so, notwithstanding their representations to the Court that they did not intend to extend the School-Closure Order."  (Plaintiff's Motion for Expedited Discovery, at p. 4).  This allegation is a gross mischaracterization of what was communicated at that meeting.  In response to a question regarding extending the Order to include the upcoming Christmas and New Year holiday season, Commissioner Val Arkoosh explained in detail why the County viewed the Thanksgiving holiday as a higher threat and very different than Christmas and New Year's, particularly because Thanksgiving is celebrated nearly universally and involves large gatherings by nature.  Commissioner Arkoosh quite explicitly stated that extending the Order was "***not [the County's] intention***".  (Excerpts of Certified Transcript of Montgomery County Private School and OPH COVID-19 Discussion dated

December 4, 2020, attached hereto as Exhibit "B").  Further, Michele Masters, the Division Director for communicable disease at OPH, also made clear that "[w]e are focusing to continue hybrid education moving forward.  There is not an expectation at this time to have a mass virtual."  (Exhibit "B," 18:18-21).

There is simply no "threat" of further school closures as Plaintiffs contend and they cannot satisfy the second prong of the mootness exception.  There is no reasonable expectation that these Plaintiffs will be subjected to the same government action again.  And even if the ever-evolving COVID crisis does warrant the issuance of new restrictions by the Board in the future, such action would not be the same as the Order in question or supported by the same reasons or the same data.  As noted by the Court in its Order denying Plaintiffs' Reconsideration Motion:

> There is also no indication whatsoever that Defendants will be extending the order in question, and if they should, it may be an entirely different order that would present its own set of facts and issues.  Plaintiffs certainly may request the appropriate relief at that time.  (Order dated December 4, 2020 at Docket No. 40).

For all of these reasons, Plaintiffs cannot satisfy the "capable of repetition yet evading review" exception to the mootness doctrine and their claims should be dismissed with prejudice.

### 4.   *Prudential mootness*

The Court should also dismiss Plaintiffs' claims under the prudential mootness doctrine. "Even if a case is not constitutionally moot, a court may dismiss [a] case under the prudential-mootness doctrine if the case 'is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the *power* to grant.'" *Rio Grande,* 601 F.3d at 1121 (quoting *Fletcher v. United States,* 116 F.3d 1315, 1321 (10th Cir. 1997).

Generally, the prudential mootness doctrine only applies where, as here, a plaintiff seeks injunctive or declaratory relief.  *See Rio Grande,* 601 F.3d at 1122; *Bldg. & Constr. Dep't v.*

*Rockwell Int'l Corp.,* 7 F.3d 1487, 1492 (10th Cir. 1993) ("All the cases in which the prudential

mootness concept has been applied have involved a request for prospective equitable relief by

declaratory judgment or injunction"); *see also Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690,

700 (3d Cir. 1996).

The central question in a prudential mootness analysis is "'whether changes in

circumstances that prevailed at the beginning of the litigation have forestalled any occasion for

meaningful relief.'"  *Int'l Bhd. of Boilermakers,* 815 F.2d at 915 (quoting *Jersey Cent. Power &*

*Light Co. v. New Jersey,* 772 F.2d 35, 39 (3d Cir. 1985)).  For the reasons discussed above, this

Court cannot provide meaningful relief to the parties here.  The Order has expired and has no

present impact upon Plaintiffs in any way.  The facts and circumstances under which any

potential future order could be issued would be different such that consideration of the

constitutionality of the expired Order would not aid the inquiry in a future case.  Such a

determination would waste judicial resources with a meaningless advisory opinion regarding past

conduct, which is not a proper basis for a declaratory judgment in the first place.  Since

adjudication of the claims for injunctive and declaratory relief regarding the expired Order will

not afford any meaningful relief to Plaintiffs' alleged injuries, this Court should find that

Plaintiffs' claims are likewise prudentially moot.

**B.**     **The Original Plaintiffs Lack Standing**

In the Amended Complaint, Plaintiffs Niehls, the Amrheins and Weir continue to bring

this action in their individual capacities.  This was a fatal defect in the original Complaint and

remains so now.  Your Honor acknowledged as much in the Injunction Order:

> I further note that some of the arguments raised by Plaintiffs in oral argument today
> would implicate the rights of particular schools located in Montgomery County, not
> the rights of the current Plaintiffs. These arguments would have to be addressed by
> the Court in the future if the Complaint is amended to include schools in
> Montgomery County as Plaintiffs.  (Injunction Order, n. 1).

Article III standing presents an issue of subject-matter jurisdiction.  *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation"); *Heckler v. Mathews*, 465 U.S. 728, 736 (1984) ("Because it may affect our jurisdiction, we consider first the District Court's conclusion that the severability provision of the 1977 Amendments would, if valid, deprive appellee of standing").  Thus, if Plaintiffs lack standing, the Court lacks the power to hear those claims.

Article III standing requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Bognet v. Secretary Commonwealth of Pennsylvania*, 2020 WL 6686120, at *6 (3d Cir. Nov. 13, 2020) (*quoting Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)).  Injury in fact requires "the invasion of a concrete and particularized legally protected interest resulting in harm that is actual or imminent, not conjectural or hypothetical." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016).  As such, the alleged injury must "affect the plaintiff in a personal and individual way." *Bognet*, 2020 WL 6686120, at *6.

As recently and aptly put by Chief Judge Smith:

Article III standing doctrine speaks in jargon, but the gist of its meaning is plain enough. To bring suit, you—and you personally—must be injured, and you must be injured in a way that concretely impacts your own protected legal interests.  If you are complaining about something that does not harm you—and does not harm you in a way that is concrete—then you lack standing.  And if the injury that you claim is an injury that does no specific harm to you, or if it depends on a harm that may never happen, then you lack an injury for which you may seek relief from a federal court.

*Bognet*, 2020 WL 6686120, at *6 (holding voters and candidate lacked standing to enjoin the

counting of mail-in ballots received during the three-day extension of the ballot-receipt deadline ordered by the Pennsylvania Supreme Court and seeking a declaration that the extension period and presumption of timeliness were unconstitutional).  By contrast, "[w]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Injuries to parents resulting from violations of their child's constitutional rights are <u>not</u> sufficiently personal for purposes of the parent's individual standing.  *Howard v. Chester Cty. Office of Juvenile Prob. & Parole*, 365 F.Supp.3d 562, 571 (E.D. Pa. 2019); *Hannah v. City of Dover*, 152 F. App'x 114, 116–17 (3d Cir. 2005)).  Where an injury results to a minor child, the child is the proper party to the action and must be represented through a guardian.  *Ciarrocchi v. Clearview Reg'l High Sch. Dist.*, 2010 WL 2629050, at *1 (D.N.J. June 25, 2010)

Finally, the plaintiff bears the burden of establishing standing.  *Lujan v. Sherwin-Williams Co. v. Cty. of Delaware, Pennsylvania*, 968 F.3d 264, 268 (3d Cir. 2020) (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).

Currently, three adults alleging to reside in Montgomery County bring constitutional claims as guardians on behalf of five minor children.  The Amended Complaint is also brought by these adults -- plus Ms. Weir -- claiming they have been deprived of their own, individual constitutional rights by the Order's issuance.  Yet, two weeks (or less) of virtual instruction for students is simply not the type of injury that affects these adult plaintiffs "in a personal and individual way" such to confer standing.  *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017) (parent lacked standing to assert Free Exercise claim where only alleged injury was having to take time off of work to obtain a medical waiver for a mandatory vaccination of her child as

parent did not suffer any injury-in-fact). If there is any redressable grievance – which there is

not -- it is generalized among the population of parents of students in the County and is not

particularized to these four individual plaintiffs.

Plaintiffs proffer but one case to support their standing argument. (A. Cmplt., ¶¶ 90, 92).

In *Espinosa v. Mont. Dep't. of Revenue*, 140 S. Ct. 2246 (2020), the Montana Legislature

established a program that granted tax credits to those who donate to organizations that award

scholarships for private school tuition. To reconcile the program with a provision of the state

Constitution that bars government aid to any school "controlled in whole or in part by any

church, sect, or denomination," the state Department of Revenue promulgated "Rule 1,"

prohibiting the use of these scholarships at religious schools. Three mothers who were blocked

from using scholarship funds for their children's tuition at a private Christian school sued the

Department, alleging that Rule 1 discriminated on the basis of their religious views and the

religious nature of their chosen school. Ultimately, the Montana Supreme Court held that the

program, unmodified by Rule 1, aided religious schools in violation of the state Constitution's

no-aid provision; requiring invalidation of the entire program. The United States Supreme Court

reversed, holding that the application of the no-aid provision discriminated against religious

schools and families whose children attend, or hope to attend, them in violation of the Free

Exercise Clause of the Federal Constitution. *Id*., 140 S. Ct. at 2253 – 2263. The Court noted:

> The prohibition before us today burdens not only religious schools but also the
> families whose children attend or hope to attend them. Drawing on "enduring
> American tradition," we have long recognized the rights of parent to direct "the
> religious upbringing" of their children. Many parents exercise that right by sending
> their children to religious schools, a choice protected by the Constitution. But the
> no-aid provision penalizes that decision by cutting families off from otherwise
> available benefits if they choose a religious private school rather than a secular one,
> and for no other reason. *Id*., 140 S. Ct. at 2261 (internal citations omitted).

But the Order in this case did not preclude Original Plaintiffs from sending their children

to a religious private school.  The Order in this case did not penalize the decision of these four adults by cutting them off from an otherwise available benefit solely because they choose to send their children to a religious school rather than a secular one.  In the midst of a global pandemic the likes of which have not been seen for a hundred years, the Order simply provided that **<u>ALL</u>** schools educate their students virtually for a two-week period.  The Order did not affect these four adult Plaintiffs in "a personal and individual way" such to confer standing for violations of their own individual rights and, as such, they lack standing to bring such claims.

In addition, Ms. Weir has not identified -- by use of initials or otherwise -- the child(ren) on whose behalf she purports to pursue a constitutional claim as guardian.  Nowhere in the Amended Complaint is it alleged that Ms. Weir is the parent of a school age child who attends school in Montgomery County.  While Ms. Weir need not join the minor as a plaintiff, (Fed. R. Civ. P. 17(a)(1)(c)), she must at least identify through some means – either through initials or some factual allegation -- that she is pursuing a claim on behalf of a student attending a school in Montgomery County.  Absent an allegation that a child for whom she is a guardian was impacted by the Order, Ms. Weir lacks representative standing, and all of her claims should be dismissed.

For these reasons, the Motion to Dismiss should be granted as to the four individual Plaintiffs and as to Ms. Weir on all claims lodged by her for lack of standing.

### C.      <u>The Amended Complaint Fails to State a Viable Constitutional Claim</u>

#### 1.      *Standard on a Fed. R. Civ. P. 12(b)(6) Motion*

In addition to mootness, Counts II and III of the Complaint should be dismissed as a matter of law.  Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted.  To survive such a motion, the complaint must: (1) assert a plausible claim; and (2) set forth sufficient factual allegations to support the claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1941, 173 L.

Ed. 2d 868 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Neither a "formulaic recitation of the elements of a cause of action nor naked assertions of fact devoid of further factual enhancement" is sufficient to withstand dismissal.  *Id.*  To satisfy the *Twombly* and *Iqbal* standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (*citing Twombly*, 550 U.S. at 570).  A claim has facial plausibility when enough factual content is plead that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim.  *Id.* (*citing Twombly*, 550 U.S. at 556).  "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  In addition, those facts constituting more than mere conclusions, and thus assumed true, must also "plausibly suggest an entitlement to relief." *Id.* at 1951. The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint and that justifies "moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556).

## 2. *The Amended Complaint Fails to State a Claim for Violation of Plaintiffs' Due Process Rights*

### a. *Procedural Due Process*

Count II of the Amended Complaint seek a declaratory judgment that Plaintiffs' rights to procedural due process were violated by the Order's issuance.  To state such a claim, Plaintiffs must allege that (1) they were deprived of an individual interest encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to them did not provide due process of law.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).  Whether a property interest exists for procedural due process

purposes is determined by state law.  *See Ruiz v. New Garden Twp.*, 376 F.3d 203, 206 (3d Cir.

2004).  Seemingly, Plaintiffs assert a general right to a public education in Pennsylvania as the

alleged affected property interest.  The sole description of this alleged property interest is, "by

depriving the children of Montgomery County the opportunity to attend in-person instruction, the

Montgomery County Board of Health deprived them of a statutory right."  (A. Cmplt., ¶123).

> i.   Plaintiffs Have No Viable Procedural Due Process Claim for a
>      Legislative Act

The United States Supreme Court long ago held that the protections of procedural due

process do not extend to legislative actions.  *See Rogin v. Bensalem Township,* 616 F.2d 680, 693

(3d Cir. 1980) (citing *Bi–Metallic Inv. Co. v. State Bd. of Equalization of Colo.,* 239 U.S. 441

(1915)).  Here, while the Order is not "legislation" in the strict sense of the word, its issuance

does qualify as legislative action  as it applied generally to all schools within the County and not

just to Plaintiffs.  Thus, the Order constitutes general statements of County policy rather than

specific applications of policy to a particular person.  Under this definition, the Order can only be

characterized as a legislative act and Plaintiffs have no valid procedural due process claim.

> ii.  Plaintiffs' Procedural Due Process Claim is Barred by Collateral
>      Estoppel

Plaintiffs' procedural due process claim is also barred by collateral estoppel because the

lawfulness of the process employed by the Board in issuing the Order was already determined by

the Court of Common Pleas of Montgomery County in an earlier action brought by Plaintiffs.

Collateral estoppel operates to prevent a question of law or issue of fact that has been

litigated and fully determined in a court of competent jurisdiction from being re-litigated in a

subsequent suit.  *Musser v. C. Wayne Co., L.P.*, 2016 WL 3080001, at *4 (Pa. Super. Ct. May 31,

2016).  Five elements must be met for collateral estoppel to apply:  (1) an issue is identical to one

that was presented in a prior case; (2) there has been a final judgment on the merits of the issue

in the prior case; (3) the party against whom the doctrine is asserted was a party in, or in privity

with a party in, the prior action; (4) the party against whom the doctrine is asserted, or one in

privity with the party, had a full and fair opportunity to litigate the issue in the prior proceeding;

and (5) the determination in the prior proceeding was essential to the judgment.  *In re Weidner*,

476 B.R. 873, 884-85 (E.D. Pa. 2012).   All five elements are present in this case.

These Plaintiffs (and in the case of the Amrheins, their privies[2]), challenged the process

of implementation of the Order in the State Court and requested an injunction to halt the Order

from taking effect.  On November 20, 2020, Plaintiffs presented evidence and testimony

attempting to demonstrate the unfairness of the process and convince the State Court to give

them the exact relief they sought from this Court by way of their TRO Motion.

In denying the requested injunction, the Honorable Richard P. Haaz analyzed the issues

regarding the fairness of the process.  (State Court Decision, Exhibit "C," at p. 6).  Judge Haaz

made factual findings about the process, including that it involved the participation of and input

from hundreds of members of the general public, if not more.  (*Id.,* Findings j-u, at pp. 2-3).  He

concluded that the State Court Defendants "satisfied the advanced notice and public participation

requirements of" Pennsylvania's Sunshine Act.  (*Id.,* Conclusion of Law #7, at p. 5).

In fact, two of the Plaintiffs—including the Plaintiff School's headmaster—attended the

November 12, 2020 virtual public meeting and spoke during the public comment portion of the

---

[2]       Privity is broadly defined as "such an identification of interest of one person with another as to
represent the same legal right." *Garland v. Knorr*, 2020 WL 3034811, at *13 (E.D. Pa. June 5, 2020)
(*quoting Ammon v. McCloskey*, 655 A.2d 549, 554 (Pa. Super. Ct. 1995).  Plaintiffs Niels and Weir are
lead plaintiffs in the State Court action.  The Amrheins have been substituted in this case for the
remaining State Court plaintiff.  The Amrheins are in privity with Niehls and Weir because they all claim
the same purported right to an in-person education for two weeks that Niehls and Weir claim in the State
Court action.

meeting. (*Id.,* Findings q and r, at p. 3). There is no question that the plaintiffs in the prior action had a full and fair opportunity to litigate their challenge to the process of OPH's issuance of the Order. Plaintiffs should not be afforded another bite at the apple simply because they disagree with the State Court's decision that the process was lawful.

Plaintiff's allegations concerning the lack of procedural due process directly contradict the findings of Judge Haaz. The determination of the fairness of the process was essential to Judge Haaz's decision because likelihood of success on the merits is a required element to secure preliminary injunctive relief. The Third Circuit has held that "findings made in granting or denying preliminary injunctions can have preclusive effect if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 474 n. 11 (3d Cir. 1997). In determining whether findings are "sufficiently firm," the court must consider whether "the parties were fully heard, whether the court filed a reasoned opinion, and whether that decision could have been or actually was appealed." *Id.* That is certainly the case here and re-litigating in this Court the issues of process surrounding the issuance of the Order is neither necessary nor appropriate.

As such, Defendants have established all five elements for the application of collateral estoppel and the Court should dismiss Plaintiffs' procedural due process claim.

           iii.        Plaintiffs' Procedural Due Process Claim Fails as a Matter of Law

Plaintiffs' procedural due process claim also fails on its merits. The asserted property interest here—the right to public education in Pennsylvania—does not implicate a fundamental Constitutional right. *See Bowers v. NCAA*, 475 F.3d 524, 553 (3d Cir. 2007) (*citing San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973)); *Plyler v. Doe*, 457 U.S. 202, 221 (1982) ("Public education is not a 'right' granted to individuals by the Constitution"). Even Plaintiffs

acknowledge that the Order at issue should be reviewed under the "arbitrary and capricious" standard.  (A. Cmplt., ¶116 (citing *Motor Vehicle Manufacturers Association v. State Farm Mutual Insurance Co.*, 463 U.S. 29, 43 (1983)).

The Order patently passes muster under this standard as it merely required virtual only learning for a limited period surrounding the Thanksgiving holiday.  The Order itself explains its rational basis.  Aside from purported scholarly statements regarding potential long-term negative effects for children from virtual only learning, Plaintiffs make no allegations that a brief pause in in-person learning over the Thanksgiving holiday deprived Plaintiffs of their children's statutory right to education in Pennsylvania.  Since Plaintiffs have not pleaded the deprivation of any State law property interest due to the implementation of the short-term Order, the Amended Complaint fails to state a viable claim that their procedural due process rights were violated by the Order.

### b.   Substantive Due Process

Plaintiffs also seek a declaratory judgment that the Order violated their right to substantive due process.  The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  While "on its face, this constitutional provision speaks to the adequacy of state procedures, ... the clause also has a substantive component."  *Nicholas v. Pa. State Univ.,* 227 F.3d 133, 139 (3d Cir. 2000) (citing *Planned Parenthood of S.E. Pa. v. Casey,* 505 U.S. 833, 846–47 (1992)).  This substantive component protects citizens from arbitrary and improperly motivated government action.

The Third Circuit Court of Appeals has previously acknowledged that the "fabric of substantive due process, as woven by our courts, encompasses at least two very different threads."  *Nicholas*, 227 F.3d at 139.  Given the Order's broad application to public and private schools in the County, it is properly analyzed under the first thread of substantive due process, which applies to legislative acts—laws and broad executive regulations that apply generally to

21

large segments of society.  *Id.* at 139 n. 1.[3]  A legislative act that limits a fundamental right will survive a substantive due process challenge only if it is necessary to promote a compelling governmental interest.  *Id.* at 139.  Where no fundamental right is at stake, however, a law must only be rationally related to a legitimate government interest to survive challenge.  *Id.*[4]

Since Plaintiffs' claims do not involve a fundamental right recognized by the U.S. Constitution, the Order need only be rationally related to a legitimate governmental interest, which the Order patently is as explained above.  "[W]hen 'general economic and social welfare legislation' is alleged to violate substantive due process, it should be struck down only when it fails to meet a minimum rationality standard, an 'extremely difficult' standard for plaintiff to meet."  *See Stern v. Halligan,* 158 F.3d 729, 731 (3d Cir. 1998) (quoting *Knight v. Tape, Inc.,* 935 F.2d 617, 627 (3d Cir. 1991)).  Because the Order on its face explains the rational basis for its issuance and the Amended Complaint does not connect its doomsday predictions to the short-term, tailored relief in the Order, Plaintiffs' claims fail as a matter of law.

3.     ***The Amended Complaint Fails to State a Claim for Violation of Plaintiffs' Equal Protection Rights***

The Fourteenth Amendment prohibits states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.  The Clause does not

---

[3]     The second thread of substantive due process jurisprudence analyzes non-legislative, or executive actions.  Non-legislative government acts may not arbitrarily infringe on fundamental rights protected by the Constitution.  *Id.* at 139.  And only the *"most egregious* official conduct can be said to be 'arbitrary in the constitutional sense.'"  *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 400 (3d Cir. 2000).  Such abuse of power must "shock[ ] the conscience." *Id.* at 401 (citing *Lewis,* 523 U.S. at 846).

[4]     If the Order's issuance qualifies as non-legislative action, then the substantive due process claim must be dismissed.  Without a fundamental right at issue, the state action can only be challenged for a violation of procedural due process.  *See Fiedler v. Stroudsburg Area School District,* 427 F.Supp.3d 539, 555 (M.D.Pa 2019) (claim based on non-legislative action can only proceed as a procedural due process claim as no fundamental right to education exists); *see also Nicholas,* 227 F.3d at 140-42; *Kirby v. Loyalsock Tp. School Dist.,* 837 F.Supp.2d 467, 478 (M.D.Pa. 2011).

prohibit differentiation among classes of persons, but rather restrains a state from "treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  Because Plaintiffs[5] do not allege membership in a historically disparaged class or group, they proceed on a "class of one" theory.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("class of one" theory applies where "plaintiff did not allege membership in a class or group").  To state an equal protection claim under this theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Bor. of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

> a.  *Plaintiffs Fail to Allege how they have been treated differently than others similarly situated*

Plaintiffs fail to identify the class of individuals with which they are purportedly similarly situated.  Nor do they identify how they have been treated differently than others within that class.  The only statement of any kind in this regard is:

> Defendants' Order violates the rights of Plaintiffs, who have done an excellent job of limiting and preventing the spread of COVID-19 with the schools, while permitting other businesses and activities continue (sic) despite the evidence that those businesses and activities are responsible for the spread of COVID-19 in Montgomery County.  (A. Cmplt., ¶ 132).

This allegation is not sufficient to state a viable Equal Protection claim.  First, it does not delineate who Plaintiffs allege fall within their class of "similarly situated" persons.  If the class is all school-aged children in Montgomery County, then as pointed out in the Standing argument above, certain of the Plaintiffs lack standing to assert an equal protection argument because they

---

[5]      Plaintiffs are a Christian school, parents of children who attend school within Montgomery County (although it is not pleaded whether their children attend public or private schools), and students whose claims are asserted by their guardians (also without identifying whether those children attend public or private schools).

are not members of that class.  And, certainly, the School is not in that class.  If the claim is that schools are being treated differently than commercial establishments, then most of the Plaintiffs lack standing because they are individuals—not schools—and have no standing to argue on behalf of Montgomery County schools.  Bottom line, the Amended Complaint fails to allege this critical element necessary to sustain an Equal Protection claim as presented in Count III.

In analyzing whether a plaintiff is "similarly situated" with others within a "class of one", the Third Circuit Court of Appeals has held that people are similarly situated for purposes of the Equal Protection Clause when they are alike "in all relevant aspects." *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger*, 505 U.S. at 10)).  In our Circuit, a plaintiff need not show that comparators are *identical* in all relevant aspects but rather that they share pertinent similarities.  *See Borrell v. Bloomsburg Univ.*, 955 F.Supp.2d 390, 405 (M.D.Pa. 2013).  "Determining whether an individual is 'similarly situated' to another individual is a case-by-case fact-intensive inquiry." *Id.* (quoting *Chan v. Cnty. of Lancaster*, No. 10–3424, 2011 WL 4478283, at *15 (E.D. Pa. Sept. 26, 2011)).

Here, plaintiffs have failed to allege any individual or group of individuals with whom they are "similarly situated."  As such, Plaintiffs' Equal Protection claim fails on this basis alone.

> b.      On its face, the Order is rationally-based

Plaintiffs' Amended Complaint also fails to state a claim upon which relief can be granted because the Order, on its face, establishes a rational basis for its entry by Defendants.

Under rational-basis review, a classification is unconstitutional if it is "irrational and wholly arbitrary." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (quoting *Olech*, 528 U.S. at 564,); *see Highway Materials, Inc. v. Whitemarsh Twp.*, 386 Fed.Appx. 251, 259 (3d Cir. 2010) (class-of-one challenges fail when "there is any reasonably conceivable state of facts that could provide a rational basis for the classification.")  It is a "very

deferential standard" that can be met "if there is any reasonably conceivable state of facts that could provide a rational basis for the differing treatment." *Newark Cab Assoc. v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018).  Under rational-basis review, a classification carries a presumption of validity, and those attacking the rationality of the classification "have the burden 'to negative every conceivable basis which might support it.'"  *F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 315 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364 (1973)).  A court may uphold state action creating a classification on any conceivably valid purpose, even when the court itself supplies the hypothetical basis. *Tillman v. Lebanon County Corr. Facility,* 221 F.3d 410, 423 (3d Cir. 2000).

Here, Defendants had a rational basis for adopting the Order requiring all virtual education for a very limited two-week period. That rational basis is specifically set forth in the Order itself.  As such, Plaintiffs fail to state a claim for violation of the Equal Protection clause.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety and for such other relief the Court deems just and appropriate.

Respectfully submitted,

Date:  December 21, 2020

*/s/ Raymond McGarry*
Mary Kay Brown, Esquire
Raymond McGarry, Esquire
Jami B. Nimeroff, Esquire
Brown McGarry Nimeroff LLC
2 Penn Center, Suite 610
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
T:  (267) 861-5330

*Attorneys for Defendants Montgomery County
Office of Public Health and Montgomery County
Board of Health*